IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 223

| | |
|---|---|
| JANICE ANN WHITAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| ANDREW SAUL, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 10 & 12). Following a review of the record, the parties' submissions, and relevant legal authority, the undersigned respectfully recommends that Plaintiff's motion for summary judgment be granted and the Commissioner's motion for summary judgment be denied.

I.  Procedural History

On May 19, 2015, Plaintiff filed an application for supplemental security income benefits. Transcript of Administrative Record ("AR"), pp. 169-175.

Plaintiff's claims were initially denied on June 26, 2015, and subsequently upon reconsideration on January 25, 2016. AR pp. 86 & 67. Plaintiff thereafter filed a written request for a hearing and a hearing was held on December 19, 2017. AR pp. 33-66. Plaintiff was represented at the hearing.

On March 14, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. AR pp. 12-32.

On May 17, 2019, the Appeals Council denied Plaintiff's request for review of that decision. AR pp. 1-6.

On July 15, 2019, Plaintiff filed the instant action. Doc. 1. Accordingly, Plaintiff exhausted her administrative remedies before timely filing this action and the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to

perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ determined that Plaintiff had the severe impairments of degenerative joint disease in her knees, carpal tunnel syndrome, obesity, mood disorder, organic mental disorder, and anxiety disorder. The ALJ further found that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except never climb ladders, ropes, or scaffolds; occasionally stoop, crouch, kneel, crawl, or climb ramps or stairs; frequently balance; frequent bilateral handling; no exposure to unprotected heights; work is limited to simple, routine, and repetitive tasks; performed in a work environment free of fast-paced production requirements; involving only simple work-related decisions and with few, if any, work-place changes; capable of learning simple vocational tasks, persisting in and completing them at an adequate pace in a vocational setting; [and Plaintiff] can perform simple tasks for two-hour blocks of time with normal

3

> rest breaks during an eight hour work day; with only occasional interaction with the public.

> AR p. 20.

Applying this RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including housekeeper, price marker, or silverware wrapper, and that Plaintiff was not disabled since the filing date of her application of May 7, 2015. AR pp. 27-28.

## IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the

issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Analysis

Plaintiff makes two allegations of error: (1) that the ALJ's RFC is not supported by substantial evidence because it fails to limit Plaintiff's interaction with co-workers or supervisors or to explain why such a limitation was not included, and (2) that the ALJ did not weigh the opinions of Plaintiff's treating physician correctly.

### A. RFC

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). SSR 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. The Commissioner is responsible for determining the claimant's RFC based on all the relevant evidence. Johnson, 434 F.3d at 653. However, in formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014).

Here, Plaintiff argues that, though the ALJ found that Plaintiff is moderately limited in her ability to interact with others, he erred by failing to limit her interaction with co-workers or supervisors or to provide any explanation why such a limitation was not included. Pl.'s Mem. (Doc. 11) at 8-9. The Commissioner counters that the ALJ was not required to discuss Plaintiff's ability to interact with supervisors and co-workers specifically. Def.'s Mem. (Doc. 13) at 6.

In cases where the ALJ has found a moderate limitation in social functioning, some district courts have extended the holding in Mascio to require an ALJ either to include restrictions in the RFC arising out of those moderate limitations in social functioning or to justify the omission of such restrictions. Dennis v. Berryhill, 362 F. Supp. 3d 303, 308 (W.D.N.C. 2019). That is, "the ALJ is not required to include a corresponding restriction to address interactions with each category of individuals—coworkers, supervisors, and the public—in her RFC determination," Dennis, 362 F. Supp. 3d at 309 (citing Smith v. Berryhill, 2018 WL 6249692, at *8 (D. Md. Nov. 29, 2018)) but, at the same time, the Court should not be "left to guess about how the ALJ arrived at his conclusions." Mascio, 780 F.3d at 637.

In this case, the ALJ found that, in interacting with others, Plaintiff has a moderate limitation. AR at 19. Consequently, the ALJ was required "either to: (1) include a corresponding limitation in the RFC analysis, or (2) explain

6

why such a limitation was not warranted." Stacy v. Berryhill, No. 3:18 CV 279, 2019 WL 4023609, at *5–6 (W.D.N.C. Aug. 9, 2019), report and recommendation adopted sub nom. Stacy v. Saul, No. 3:18-CV-00279-MR-WCM, 2019 WL 4021030 (W.D.N.C. Aug. 26, 2019).

The ALJ did consider conflicting evidence regarding Plaintiff's ability to interact with others; certain evidence indicated that Plaintiff is capable of at least some social interactions with her medical providers, family members and, on occasion, friends, while other evidence indicated that she has "no social relations," prefers not to be around people, hallucinates and suffers from agoraphobia. AR pp. 19 & 25.

However, Plaintiff's RFC indicated that she could have "only occasional interaction with the public," AR, p. 20, and the decision did not contain an explanation why a limitation regarding her coworkers and supervisors was not necessary. Remand will therefore be recommended on this basis. See Stacy, 2019 WL 4023609, at *5–6 (RFC that limited plaintiff to only "occasional interaction with the general public" did not address Plaintiff's limitations in interacting with coworkers and supervisors); Dennis, 362 F. Supp. 3d at 309 ("In the instant case, the ALJ included limitations to 'occasional public contact' but nothing specifically about interactions with coworkers and supervisors.").

## B. Opinions of Dr. Clayton as Plaintiff's "Treating Physician"[1]

"A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time." Smith v. Berryhill, 3:16-cv-272, 2017 WL 5617472, at * 2 (W.D.N.C. Nov. 21, 2017) (citing Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983)). The Administrative Record shows that Dr. Clayton provided care to Plaintiff consistently over a number of years and therefore is appropriately considered to be her treating physician. See AR pp. 305-320; 539-613.

According to the Social Security Regulations, an ALJ "is required to give 'controlling weight' to opinions proffered by a claimant's treating physicians so long as the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Lewis v. Berryhill, 858 F.3d 858, 867 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)) (alterations in original)). "The regulation's treating physician rule accords the greatest weight—controlling weight—to the opinions of treating sources, because those 'sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be

---

[1] Though remand will be recommended in connection with the first issue, above, the undersigned has also addressed the second issue raised by Plaintiff.

8

obtained from the objective medical findings alone or from reports of individual examinations.'" Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 268 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)).

The weight assigned by the ALJ to a "medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies' or has failed to give a sufficient reason for the weight afforded a particular opinion." Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) (citations omitted). Specifically with respect to a treating physician, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." See Solano v. Saul, 785 F. App'x 976, 977 (4th Cir. 2019)(citing Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001)).

Here, the ALJ explained that he did not give controlling weight to Dr. Clayton's opinions because (1) a finding of disability is reserved to the Commissioner and (2) there were significant inconsistencies between Dr. Clayton's statements and the "longitudinal evidence of record." AR p. 25.

The ALJ was correct with respect to ultimate statements by Dr. Clayton that Plaintiff is disabled; "[t]he final determination of disability is reserved to the Commissioner and opinions from medical sources stating that a person is disabled are not entitled to any special significance." Davis v. Colvin, No. 5:13-CV-98, 2015 WL 404213, at *10 (W.D.N.C. Jan. 29, 2015)(citing 20 C.F.R. §

9

404.1527(d)); Chappell v. Colvin, No. 1:10CV384, 2014 WL 509150, at *6 (M.D.N.C. Feb. 7, 2014)(stating that "an ALJ must not give any special significance to the source of an opinion on issues reserved to the Commissioner")(internal citation omitted); Graham v. Astrue, No. CIV.A. 1:07-00715, 2009 WL 915662, at *6 (S.D.W. Va. Mar. 30, 2009)(agreeing that the ALJ is not required to give "any special significance to the source of an opinion on issues reserved to the Commissioner")(citing 20 C.F.R. §§ 404.1527(e)(3) and 416.927(e)(3)).

As for Dr. Clayton's other opinions, the ALJ noted various inconsistencies between those opinions and other evidence in the record. AR pp. 23, 25-26. For example, in July 2015, Dr. Clayton opined that Plaintiff was "not able to work" due to her inability to interact with others, bipolar disease, hallucinations, agoraphobia, pain from carpal tunnel syndrome, contusions and abrasions from previous traumatic events. AR p. 308. Similarly, in May 2016, Dr. Clayton opined that Plaintiff was "unable to be gainfully employed," as Plaintiff was extremely depressed, anxious, and suffered from borderline personality disorder, was unable to focus, change or be reactive to the public, unable to sit for long periods of time due to pain in her legs and neuropathy but was also unable to sit for long periods of time due to her mental impairments. AR pp. 584 & 590.

However, the ALJ found that these opinions conflict with evidence

10

elsewhere in Dr. Clayton's notes. For example, the ALJ explained that on that same treatment date in May 2016, Dr. Clayton recorded that Plaintiff denied numbness, tingling, burning, or an unsteady gait, and found that she demonstrated a "5/5 muscle strength" in all major muscle groups, and a normal gait and range of motion. AR pp. 587-588. Dr. Clayton also consistently recorded that Plaintiff had normal sensation, full muscle strength in her lower extremities, normal gait, and no restricted motion or weakness. AR pp. 605, 613, 588. Further, Plaintiff reported to Dr. Clayton in May 2017 that she was stable on her medications and "doing better emotionally." AR p. 545. The ALJ explained that this report was consistent with the notes of other treatment providers who assessed Plaintiff in August 2016, and in March and June 2017, and who noted that there were no abnormalities in her mental functioning. AR pp. 23 & 26; pp. 625, 399, 620.

Accordingly, the ALJ's decision not to give controlling weight to the statements of Dr. Clayton was supported by substantial evidence, Mastro, 270 F.3d at 178, and it does not appear that the ALJ "has dredged up 'specious inconsistencies' or has failed to give a sufficient reason for the weight afforded" to Dr. Clayton's opinions. Dunn, 607 F. App'x at 267 (citations omitted).

## VI. Recommendation

Considering the foregoing, the undersigned **RECOMMENDS** that Plaintiff's motion for summary judgment (Doc. 10) be **GRANTED** and that the Commissioner's motion for summary judgment (Doc. 12) be **DENIED.**

Signed: May 28, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).