UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-223-MOC-WCM

| | | |
|---|---|---|
| **JANICE ANN WHITAKER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Acting Commissioner of Social Security** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter (#15). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, in accordance with 28, United States Code, Section 636(b)(1)(c). The Government filed its objection within the time allowed. (#16).

I.       **Background**

On May 19, 2015, Plaintiff filed an application for supplemental security income benefits. Plaintiff's claims were initially denied on June 26, 2015, and subsequently on reconsideration. Plaintiff thereafter filed a written request for a hearing, and a hearing was held on December 19, 2017. Plaintiff was represented by counsel at the hearing. On March 14, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review of that decision on May 17, 2019, making the ALJ's decision the final decision of the Commissioner.

On July 15, 2019, Plaintiff filed the instant action, seeking review of the ALJ's decision. After the parties filed motions for summary judgment, the Honorable W. Carleton Metcalf, United States Magistrate Judge, issued an M&R. In the M&R, Judge Metcalf analyzed the

-1-

available record, including the disability decision from the State of North Carolina and the decision of the ALJ. Ultimately, Judge Metcalf recommended that the Court grant Plaintiff's summary judgment motion and remand to the ALJ for further findings on the ground that the ALJ's RCF is not supported by substantial evidence because it failed to limit Plaintiff's interaction with co-workers or supervisors or to explain why such a limitation was not included. The Government has filed an objection to the magistrate judge's M&R. (#16).

## II.     Standard of Review

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such

determinations, the court will fully affirm the M&R and grant relief in accordance therewith.

## III.    Discussion

In its sole objection, the Government argues that the magistrate judge erred in finding

that remand is warranted for additional discussion of Plaintiff's ability to interact with others. In

the M&R, the magistrate judge found as follows:

> In cases where the ALJ has found a moderate limitation in social functioning, some district courts have extended the holding in Mascio to require an ALJ either to include restrictions in the RFC arising out of those moderate limitations in social functioning or to justify the omission of such restrictions. Dennis v. Berryhill, 362 F. Supp. 3d 303, 308 (W.D.N.C. 2019). That is, "the ALJ is not required to include a corresponding restriction to address interactions with each category of individuals—coworkers, supervisors, and the public—in her RFC determination," Dennis, 362 F. Supp. 3d at 309 (citing Smith v. Berryhill, 2018 WL 6249692, at *8 (D. Md. Nov. 29, 2018)) but, at the same time, the Court should not be "left to guess about how the ALJ arrived at his conclusions." Mascio, 780 F.3d at 637.
>
> In this case, the ALJ found that, in interacting with others, Plaintiff has a moderate limitation. AR at 19. Consequently, the ALJ was required "either to: (1) include a corresponding limitation in the RFC analysis, or (2) explain why such a limitation was not warranted." Stacy v. Berryhill, No. 3:18 CV 279, 2019 WL 4023609, at *5–6 (W.D.N.C. Aug. 9, 2019), report and recommendation adopted sub nom. Stacy v. Saul, No. 3:18-CV-00279-MR-WCM, 2019 WL 4021030 (W.D.N.C. Aug. 26, 2019).
>
> The ALJ did consider conflicting evidence regarding Plaintiff's ability to interact with others; certain evidence indicated that Plaintiff is capable of at least some social interactions with her medical providers, family members and, on occasion, friends, while other evidence indicated that she has "no social relations," prefers not to be around people, hallucinates and suffers from agoraphobia. AR pp. 19 & 25.
>
> However, Plaintiff's RFC indicated that she could have "only occasional interaction with the public," AR, p. 20, and the decision did not contain an explanation why a limitation regarding her coworkers and supervisors was not necessary. Remand will therefore be recommended on this basis. See Stacy, 2019 WL 4023609, at *5–6 (RFC that limited plaintiff to only "occasional interaction with the general public" did not address Plaintiff's limitations in interacting with coworkers and supervisors); Dennis, 362 F. Supp. 3d at 309 ("In the instant case, the ALJ included limitations to 'occasional public contact' but nothing specifically about interactions with coworkers and supervisors.").

(Doc. No. 15 at 5–7). The Court agrees with the magistrate judge's conclusion that the

ALJ failed to draw explicit conclusions about how Plaintiff's mental limitations affect her ability to interact with others during a workday. Furthermore, the Court rejects the Government's argument that the cases cited by the magistrate judge are distinguishable. That is, in both <u>Stay</u> and <u>Dennis</u>, the ALJ found a moderate limitation but did not fully account for it in the RFC, and remand was ordered for that reason. As the ALJ's explanation of the RFC was insufficient in those cases, it was also insufficient here. Thus, the Court overrules the Government's objection, and the Court will affirm the magistrate judge's M&R.

## III. Conclusion

After careful review, the Court determines that the recommendation of the magistrate judge is consistent with and supported by current Fourth Circuit and Supreme Court case law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will affirm the M&R and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Government's Objection (#16) is **OVERRULED**, the Memorandum and Recommendation (#15) is **AFFIRMED,** Plaintiff's Motion for Summary Judgment (#10) is **GRANTED**, the Government's Motion for Summary Judgment (#12) is **DENIED**, and this matter is remanded in accordance with the M&R of the magistrate judge.

The Clerk of Court is instructed to enter a Judgment consistent with this opinion.

Signed: June 16, 2020

Max O. Cogburn Jr.
United States District Judge

-4-